UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 07-3859 (MJD/AJB)

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
|     Petitioner, ) | **FINDINGS OF FACT,** |
| v. ) | **CONCLUSIONS OF LAW AND** |
| ) | **RECOMMENDATION** |
| RAFAL WANTUCH, ) | |
| ) | |
|     Respondent. ) | |

The above-entitled matter came on for hearing before the undersigned Magistrate Judge on October 30, 2007, at the Federal Medical Center ("FMC") in Rochester, Minnesota. The United States petitions this Court pursuant to 18 U.S.C. § 4245 to determine the present mental condition of Respondent, Rafal Wantuch (Mr. Wantuch).  Petitioner seeks an Order committing Mr. Wantuch to the mental health unit at FMC-Rochester for appropriate custody, care and treatment.  Assistant Federal Public Defender Reginald Aligada, Jr. represented Mr. Wantuch, who was present throughout the hearing.  Assistant United States Attorney Lonnie F. Bryan appeared on behalf of the United States.

**I.   BACKGROUND AND APPLICABLE LAW.**

    **A.   Stipulated Facts.**

The parties stipulated to the admission of the following Exhibits:

Exhibit A    Petition, including Judgment and Commitment Order and SENTRY Sentence Computation Data.

Exhibit B    June 19, 2007, Psychiatric Evaluation of Mr. Wantuch

Exhibit C    Curriculum Vitae for Andrew Simcox, PH.D., ABPP.

  Exhibit D  Bureau of Prisons (BOP) Central File.

  Exhibit E  Mr. Wantuch's Medical records since August 8, 2007.

  Exhibit F  Mr. Wantuch's Medical Records before August 8, 2007.

  Exhibit G  October 23, 2007, Inmate Request to Staff (copout) by Mr. Wantuch.

  Exhibit H  December 15, 2005, Inmate Request to Staff (copout) by Mr. Wantuch.

The parties also stipulated that Dr. Andrew Simcox (Dr. Simcox) was qualified to provide opinion testimony on the issues before the court. All dispositive issues were contested by Mr. Wantuch.

  **B.**  **Witnesses**.

The government called Dr. Simcox as its only witness. The court finds him credible. After the government rested, Mr. Wantuch testified.

  **C.**  **Nature of the Proceedings.**

The matter is before the undersigned Magistrate Judge for a Report and Recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). Upon the following Findings of Fact and Conclusions of Law, it is recommended that:

1. The Petition to Determine Present Mental Condition of an Imprisoned Person Under 18 U.S.C. § 4245 [Docket No. 1] be granted;

2. Mr. Wantuch is found to be suffering from a mental disease or defect for the treatment of which he is in need of hospitalization in a suitable psychiatric facility; and

3. FMC-Rochester is a suitable facility at which to treat Mr. Wantuch's mental illness.

  **D.**  **Applicable Law**.

Under 18 U.S.C. § 4245, a prisoner who is serving time in a federal prison may not be committed to a mental hospital for care and treatment without the prisoner's consent or a court order.  See 18 U.S.C. § 4245; United States v. Watson, 893 F.2d 970, 975 (8th Cir. 1990)(vacated in part on other grounds by United States v. Holmes, 900 F.2d 1322 (8th Cir. 1990)).  If the prisoner objects to being committed, the court must order a hearing to determine if there is "reasonable cause to believe that the person may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility."  18 U.S.C. § 4245(a); United States v. Jones, 811 F.2d 444, 447 (8th Cir. 1987).

"If, after the hearing, the court finds by a preponderance of the evidence that the person is presently suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility, the court shall commit the person to the custody of the Attorney General." 18 U.S.C. § 4245(d).  The Attorney General must then hospitalize the prisoner "for treatment in a suitable facility until he is no longer in need of such custody for care or treatment or until the expiration of the sentence of imprisonment, whichever occurs earlier."  Id.

In summary, the Court is required to answer three questions: "Is the Respondent suffering from a mental disease or defect?  If so, is the Respondent in need of custody for care or treatment of that disease or defect?  If so, is the proposed facility a suitable facility?"  United States v. Horne, 955 F. Supp. 1141, 1144 (D. Minn. 1997).

**II.     APPLICATION TO MR. WANTUCH**

**A.      Mr. Wantuch is Suffering From a Mental Disease or Defect.**

**1.      Mr. Wantuch's History.**

Mr. Wantuch is a 38 year old male inmate serving a 63 month sentence imposed by the United States District Court, Northern District of Illinos, docket number 05-CR-165-1. Exhibit A.   On March 7, 2007, he was emergently transferred from United States Penitentiary, McCreary to the Federal Medical Center, Rochester (FMC Rochester), Minnesota due to "complex presentation, psychiatric hospitalization is necessary for evaluation and/or diagnosis ... Due to rapid deterioration and [Mr. Wantuch's] inability to take care of his basic need.... Involuntary commitment may be needed due to inmate noncompliance and severe mental illness."  Exhibit F, Medical/Surgical and Psychiatric Referral Request.  At that time Mr. Wantuch was diagnosed Axis I: Schizophrenia, Paranoid Type and Axis II: Deferred.  Staff at USP McCreary noted Mr. Wantuch 1) displayed bizarre delusions such as "There is radioactivity on the roof ... no one is safe . . . but I have training in nuclear weapons and we all are in trouble with the sun" and "I have laser beams coming into my cell, 2) reported frequent somatic delusions such as "I have bone cancer, . . . I have other sicknesses also and need many surgeries," none of which were substantiated by medical examinations and tests or medical record, 3) was observed standing in various catatonic positions and 4) frequently displayed grandiose delusions reporting that "I have many degrees and am better qualified than most people" even informing the Chief of Psychology that he was superior.  Id.

Before his conviction and sentencing, Mr. Wantuch was evaluated for his competency

at Metropolitan Correctional Center, Chicago, Ill (MCC). According to the January 4, 2006, Forensic Report, Mr Wantuch was given an MMPI-2, which is a self report questionnaire requiring reading and comprehension. Although he possessed the necessary skills and endorsed a large number of items suggesting profound psychological disturbance, MCC staff found such a finding was inconsistent with the level of Mr. Wantuch's functioning at that time and the test was considered invalid. Mr. Wantuch was found competent and diagnosed on Axis II as Personality Disorder not otherwise specified (with narcissistic and histrionic features).[1]

### 2. Mr. Wantuch's Current Condition.

Shortly after Mr. Wantuch's arrival at FMC Rochester, he required emergency administration of anti-psychotic medication, which produced the desired effect. His affect calmed and his speech slowed to normal without signs of side effects. Although various bizzare behaviors have been observed by FMC Rochester staff, Mr. Wantuch has not had a recurrence of catatonia, which as Dr. Simcox explained may become life threatening and about as severe a symptom of mental illness as one sees. Mr. Wantuch is diagnosed on Axis I as Bipolar Disorder, Most Recent Episode Manic severe with Psychotic Features. Exhibit B.

---

[1] Dr. Simcox explained that it was possible that Mr. Wantuch's symptoms were not present or were milder at the time of his competency examination.

As Dr. Simcox testified Mr. Wantuch has presented with delusions of grandeur, persecution and somatic symptoms. His delusions have included identifying a woman who carries a vampire virus. Moreover, he has been observed responding to internal stimuli, such as talking with persons who are not present. The severity of these symptoms wax and wane on an unpredictable schedule. During the instant hearing he appeared well groomed and pleasant.

While the 2005 psychiatric evaluation did not find that Mr. Wantuch suffered from a mental disease or defect for purposes of 18 U.S.C. § 4245, Dr. Simcox provided two explanations for the seeming disparity. First, Mr. Wantuch's mental illness has become more severe and significantly impaired his level of functioning, which is the usual course when a mental illness goes untreated. Second, Dr. Simcox disagreed with the earlier diagnosis and testified that his diagnosis is consistent with the signs and symptoms reported in the earlier evaluation. The Court need not, however, resolve this conflict because 18 U.S.C. § 4245 focuses on the present mental status of the respondent. Therefore, this Court finds that Mr. Wantuch is presently suffering from a mental disease and defect.

**B.    Mr. Wantuch is in Need of Hospitalization for Care of Treatment.**

Although 18 U.S.C. § 4245(d) does not define when a prisoner is "in need of custody for care or treatment," courts have found that prisoners are "in need" of treatment under 18 U.S.C. § 4245 where a diagnosis is properly supported by psychological or psychiatric testimony. Horne, 955 F. Supp. at 1146; United States v. Eckerson, 299 F.3d 913, 914 (8th Cir. 2002)(applying the legal standard for determining when an inmate is in need of treatment

adopted in Horne); United States v. Akere, 14 Fed. Appx. 292, 293-94 (4th Cir. 2001)(finding no support in 18 U.S.C. § 4245 or the court's precedent for the proposition that the inmate could not be committed to a mental health facility without a finding of dangerousness). Here, the Exhibits and Dr. Simcox' testimony convince that Mr. Wantuch is mentally ill and unable to function in the general inmate population of the BOP. Indeed, Dr. Simcox opined that the mental illness has resulted in an increasingly more restrictive prison environment such that but for temporary releases, he has been confined in the special housing unit in a cell by himself for the majority of his imprisonment. Dr. Simcox testified that with treatment, which will likely include involuntary medication, Mr. Wantuch will likely be released from such restrictive environment and experience an improved quality of life. Because Mr. Wantuch has refused such beneficial treatment, this Court finds that he is in need of involuntary hospitalization.

      **C.**     **FMC-Rochester is a Suitable Facility.**

There is no dispute in this case that FMC-Rochester is a suitable facility for Mr. Wantuch to receive care or treatment. Indeed, when emergently treated, Mr. Wantuch's symptoms became less severe. There having been no evidence offered to contradict this testimony, this Court recommends that FMC-Rochester is a suitable facility.

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that:

1. The Petition to Determine Present Mental Condition of an Imprisoned Person Under 18 U.S.C. § 4245 [Docket No. 1] be granted;

2. Mr. Wantuch is found to be suffering from a mental disease or defect for the

7

       treatment of which he is in need of hospitalization in a suitable psychiatric facility;

3. FMC-Rochester is a suitable facility at which to treat Mr. Wantuch's mental illness;

4. Mr. Wantuch be committed to the custody of the United States Attorney General; and

5. The Attorney General hospitalize Mr. Wantuch for treatment of his mental disease or defect.

Dated: November 7, 2007

                                                      s/ Arthur J. Boylan
                                                      The Honorable Arthur J. Boylan
                                                      United States Magistrate Judge

     Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before November 23, 2007 a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.